IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

RICHARD L. EDWARDS )
and MARIA E. EDWARDS, )
  )
  Plaintiffs, ) TC-MD 180361N
  )
 v. )
  )
DEPARTMENT OF REVENUE, )
State of Oregon, )
  )
  Defendant. ) **FINAL DECISION OF DISMISSAL**[1]

This matter came before the court on Defendant's motion to dismiss (motion), filed with its Answer on November 26, 2018. A case management conference was held on December 17, 2018, during which the parties discussed Defendant's motion. Plaintiffs declined to file a written response to Defendant's motion. This matter is now ready for decision.

A.   *Defendant's Motion*

Plaintiffs' Complaint was filed October 29, 2018,[2] challenging Defendant's Notice of Proposed Refund Adjustment (Notice), dated February 12, 2018. Defendant moved to dismiss Plaintiffs' Complaint because their time to file an appeal under ORS 305.280(2) expired 120 days from the Notice date on June 12, 2018. (Def Ans at 1.) During the case management conference, Plaintiffs' representative gave two reasons for Plaintiffs' delay in receiving the Notice and filing an appeal: first, Richard Edwards is in the Foreign Service and travels frequently; and, second, Plaintiffs' mailing address on file with Defendant is not their primary

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered December 20, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] A complaint is deemed filed on the postmark cancellation date shown upon the envelope. ORS 305.418.

residence.  Plaintiffs do not contend that Defendant sent the Notice to the wrong address.

B.    *Analysis*

ORS 305.280(2)[3] states, in pertinent part, that "[a]n appeal from a proposed adjustment under ORS 305.270 (Refund of excess tax paid) shall be filed within 90 days after the date the notice of adjustment is final."  When Defendant issues a notice of proposed adjustment, the taxpayer may file a written objection or request a conference within 30 days from the date of the notice.  ORS 305.270(4).  If the taxpayer does not file a written objection or request a conference, the notice becomes final 30 days from the date of the notice.  ORS 305.270(5)(b).  Thereafter, the taxpayer has 90 days to appeal to this court, as provided in ORS 305.280(2).

In this case, Defendant's Notice became final on March 14, 2018, after Plaintiffs failed to file a written objection or request a conference.  Plaintiffs' time to appeal to this court expired on June 12, 2018.  Plaintiffs have not presented any authority that extends their deadline to appeal, and the court is not aware of any such authority.  Accordingly, Defendant's motion to dismiss must be granted.  Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted.

Plaintiffs' Complaint is dismissed.

Dated this ＿＿ day of January 2019.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer and entered on January 8, 2019.*